## Betz's Estate.

*Wills—Probate—Testamentary capacity—Undue influence—Evidence.*

An issue devisavit vel non will not be granted on the ground of lack of mental capacity, where the testimony shows that the testatrix was an unmarried woman about thirty-four years of age at the time she made her will, that she had fits of melancholy would get very angry and on several occasions attempted violence to those in the house with her, but that she kept a bank account, wrote her own checks, borrowed money, went to the stores and purchased articles, settled her mother's estate, and according to the testimony of one doctor called by the caveator was rational to within a short time of her death.

Such an issue will not be granted on the ground of undue in-

Syllabus—Opinion of the Court. [62 Pa. Superior Ct.

fluence where the testimony shows that testatrix lived with a sister who was beneficiary of the will, that the sister's husband borrowed money of her, did errands for her and attended to some of her affairs when so requested by her, but there is nothing to show that she was under the control of her sister or the latter's husband.

Argued Nov. 10, 1915. Appeal, No. 155, Oct. T., 1915, by plaintiffs, from decree of O. C. Lancaster Co., Nov. T., 1914, No. 44, dismissing appeal from Register of Wills in Estate of Annie C. Betz. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Appeal from decision of register of wills admitting to probate the will of Annie C. Betz, deceased. Before SMITH, P. J.

The opinion of the Superior Court states the facts.

*Error assigned* was decree dismissing the appeal.

*B. F. Davis,* for appellant.

*B. Frank Kready,* with him *B. C. Kready,* for appellee.

OPINION BY TREXLER, J., March 1, 1916:

The will in question is dated Sept. 13, 1913. The date of its making was not disputed at the hearing. One of the witnesses to the will testified that the will was signed Sept. 12, 1913, and both testified that it was on Saturday. An examination of the calendar shows that Sept. 12, 1913, did not fall on Saturday. As the numeral 13 in the date 1913 had been altered, the appellants contend that there was a fraudulent change of the date and that the real date was Sept. 12, 1914, for in that year Sept. 13th was on a Saturday. It is much more reasonable to suppose that there was a mistake made in the date by the testatrix than that it was fraudulently changed by some one else. The objection seems to have been an afterthought, for at the hearing no question was

raised as to the actual date on which the will was made. Had it been raised, the question could have been readily settled. The two witnesses to the will, had they been interrogated in regard to the time, would certainly have known whether it was two months before the hearing or fourteen months. As to the alteration in the date, the learned judge of the Orphans' Court found that an examination of the will showed that the original date of the will was Sept. 12, 1900; that from the appearance of the paper it had been kept by the testatrix until 1913, and then attested by the subscribing witnesses at her request. To this finding of the Orphans' Court, we can find no objection. There was absolutely no proof that the will was made in 1914.

The question then of the mental capacity of the testatrix and the alleged undue influence exerted over her, must be considered in relation to the time of the making of the will, Sept. 12, 1913. As to her mental condition at that time, there were some witnesses who testified that she was not fit to make a will, but few facts were disclosed in support of such conclusion. She had fits of melancholy, would get very angry, and on several occasions attempted violence to those in the house with her, but she transacted business, kept a bank account, wrote her own checks, borrowed money, went to the stores and purchased articles, and settled her mother's estate, and according to the testimony of one of the doctors called by the caveator was rational to within a short time of her death, October, 1914. Another doctor testified that her capacity to make a will ceased from March, 1914, but prior to that time, the attacks of melancholy which unfitted her for business would last a few days and then she would be all right again. There was nothing to show that testatrix was not fully competent to make a will at the time she made it.

Proof as to undue influence also fails. Testatrix lived with a sister who was a beneficiary of the will, her brother-in-law borrowed money of her, did errands for her,

and attended to some of her affairs when so requested by her, but there was nothing to show that she was under the control of these people.    There is nothing to show that the free agency of the testatrix at the time and in the very act of making the testament was destroyed: Smith's Est., 250 Pa. 67; Phillips' Est., 244 Pa. 35.

Had the facts as disclosed at the hearing been submitted to a jury, and the verdict been against the proponents the court would have been constrained to set it aside.

The decree of the Orphans' Court is affirmed.